# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| AUTO OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:11-CV-358 |
| | ) | |
| DENNIS T. JOHNSON d/b/a | ) | |
| 260 MOTORSPORT, ANTHONY ELEY, | ) | |
| and BRITTANI BOWMAN | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case was filed in this Court on October 12, 2011, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Complaint alleges that Defendants Dennis T. Johnson, Anthony Eley, and Brittani Bowman are residents of Allen County, Indiana, and "therefore, [ ] citizen[s] of the State of Indiana." (Complaint ¶¶ 2-4.)

The Complaint, however, is inadequate. This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of*

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

*Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). Therefore, as citizenship does not necessarily equate with residence, *Dahlstrom v. Simon*, No. 00 C 5189, 2000 WL 1231391, at *1 (N.D. Ill. Aug. 28, 2000), alleging that Defendants Johnson, Eley, and Bowman are *citizens* of the State of Indiana simply because they are *residents* of Indiana is insufficient.

Therefore, the Court must be advised of each party's citizenship, not residency. As to Defendants Johnson, Eley, and Bowman, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

Therefore, Plaintiff is ORDERED to file an Amended Complaint on or before November 1, 2011, properly alleging the citizenship of Defendants Dennis Johnson d/b/a 260 Motorsport, Anthony Eley, and Brittani Bowman.

SO ORDERED.

Enter for this 18th day of October, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge